# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. REICHARD, Minor.

UNPUBLISHED
August 18, 2015

No. 326056
Jackson Circuit Court
Family Division
LC No. 11-003412-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals as of right from an order entered terminating her parental rights to DR pursuant to MCL 712A.19b(3)(g) (failure to provide proper care and custody), MCL 712A.19b(3)(*i*) (parental rights to a sibling of the child were terminated due to serious and chronic neglect or physical or sexual abuse and previous rehabilitation attempts were unsuccessful), and MCL 712A.19b(3)(j) (reasonable likelihood of harm). The parental rights of DR's father were also terminated.[1] We affirm.

DR was born testing positive for opiates and suffering withdrawal symptoms. Three days later petitioner filed a petition seeking termination of respondent's parental rights to the child, and an amended petition nine days after that. Respondent was not provided with reunification services. Following the presentation of proofs, the trial court found that there were grounds to assume jurisdiction, that there was clear and convincing evidence establishing that grounds for termination existed under MCL 712A.19b(3)(g), (*i*), and (j), and that termination of respondent's parental rights was in DR's best interests.

On appeal, respondent argues that because she has a constitutional right to parent her child, we should reverse the trial court's termination order and return the child to her care and custody. Respondent is correct that she has a constitutional right to parent DR, which "does not evaporate simply because [she has] not been [a] model parent[]." *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982); *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003) (citation omitted).

---

[1] He is not a party to this appeal.

-1-

However, "[a] parent's right to control the custody and care of her children is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.'" *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). "Once the petitioner has presented clear and convincing evidence that persuades the court that at least one ground for termination is established under subsection 19b(3), the liberty interest of the parent no longer includes the right to custody and control of the children." *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). At that point, a "parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection." *Id*. at 356. Respondent does not directly challenge the court's conclusion that the requisite statutory grounds existed.[2]

Respondent next argues that termination was not proper because she was not provided with reasonable reunification efforts. "Generally, when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re HRC*, 286 Mich App 444, 462; 781 NW2d 105 (2009). However, the petitioner "is not required to provide reunification services when termination of parental rights is the agency's goal." *Id*. at 463. In this case, petitioner sought termination in the initial petition. *In re Moss Minors*, 301 Mich App 76, 91; 836 NW2d 182 (2013) (explaining that "the petitioner can request termination in the initial petition"); see also MCL 712A.19b(4); MCR 3.977(E). Accordingly, petitioner was not required to provide reunification services.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[2] Moreover, respondent does not allege that the procedures provided were constitutionally inadequate. In any event, there is "no constitutional or jurisdictional impediment to disrupting the parental rights of [the parent], who was afforded the right to a determination of fitness." *In re Sanders*, 495 Mich at 422.